# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KEITH DENZELL SIMPSON**                                                                              **PLAINTIFF**

v.                                              CIVIL ACTION NO. 1:20-cv-00315-HSO-RHWR

**POLT WILLIAM, Sgt. # 172,**
**WORMELEY CHARLES, C.O. # 298,**
**C.O. # 130,**
**C.O. # 312, and**
**C.O. # 215**                                                                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court for recommendation of dismissal, following Plaintiff Keith Denzell Simpson's failure to appear at a duly noticed omnibus hearing set in this matter for November 9, 2021, at 2:30 p.m. in Courtroom 881 (Gulfport) before Magistrate Judge Robert H Walker. Plaintiff's case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with numerous Orders [3, 5, 8, 9, 11, 13] requiring Plaintiff to keep the Court apprised of his current address.

## I. BACKGROUND

Plaintiff filed a pro se Complaint on October 7, 2020 and is proceeding in forma pauperis. When he filed suit, Plaintiff was incarcerated at Harrison County Adult Detention Center in Gulfport, Mississippi. He has not filed a change of address since he filed suit. Plaintiff's Complaint asserts claims pursuant to 42 U.S.C. § 1983 against Defendants for excessive force occurring on September 15, 2020.

On October 18, 2021, an Order issued setting an omnibus hearing, which was to serve "as a *Spears* hearing and case management hearing." [23] at 1. The parties were ordered to appear, and Plaintiff was warned that "[a] failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal of this lawsuit, as permitted by Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to manage its docket." [23] at 3. On October 18, 2021, a Writ of Habeas Corpus ad Testificandum [24] for Plaintiff was issued to the Warden of Harrison County Adult Detention Center.

The Order [23] setting an omnibus hearing was mailed to Plaintiff at his address of record at Harrison County Adult Detention Center via United States mail and was returned as undeliverable with a note stating, "Return to Sender. Unclaimed. Unable to Forward." [25] at 1. Prior mailings to Plaintiff addressed to the Harrison County Adult Detention Center have also been returned as undeliverable, including the following: a September 13, 2021 Text Only Order [19], a September 14, 2021 Text Only Order [21], and an October 1, 2021, Order Reassigning Case [22]. Plaintiff failed to appear at the omnibus hearing. *See* Nov. 9, 2021, Minute Entry.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain "dormant because of the

inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Generally, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

The record shows that Plaintiff has engaged in a clear pattern of delay and contumacious conduct. Plaintiff was warned in an October 7, 2020, Order that his "failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, without further written notice." [3] at 2. A October 26, 2020, Order advised Plaintiff that "[f]ailure to advise the Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." [5] at 2. A March 25, 2021, Order warned Plaintiff "[i]t is [his] responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal

of this case." [13] at 2. Similar warnings to Plaintiff have been contained in Orders [8, 9, 11] issued on December 15, 2020, January 22, 2021, and February 2, 2021.

It is apparent due to four instances of mail returned undeliverable and Plaintiff's failure to appear at the omnibus hearing that Plaintiff has not kept the Court apprised of his current address, even after being warned in at least six Orders that failure to do so would be deemed a purposeful delay and contumacious act that subjected this case to dismissal. Plaintiff has filed nothing in this case since February 25, 2021, when he filed a request for "a court date" and stated, "[m]y address is the same." [12] at 1. During the following eight and a half months, Plaintiff has not updated his address. Because Plaintiff is proceeding pro se, the failure or refusal to keep the Court apprised of his current address can only be attributed to him. Such inaction represents a clear record of delay and contumacious conduct, and dismissal without prejudice is warranted. There is no reason to conclude that lesser sanctions would prompt diligent prosecution.

### III. NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to such proposed findings and recommendations. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3). A district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 10th day of November, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE