IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KEITH DENZELL SIMPSON** | § § § | **PLAINTIFF** |
| **v.** | § § § § § | **Civil No. 1:20cv315-HSO-RHWR** |
| **POLT WILLIAM** *Sgt. # 172*, **et al.** | § | **DEFENDANTS** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [26] AND DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [26] of United States Magistrate Judge Robert H. Walker, entered on November 10, 2021. The Magistrate Judge recommended that Plaintiff Keith Denzell Simpson's Complaint [1] be dismissed without prejudice for failure to prosecute and to comply with numerous Court Orders. R & R [26] at 1. Plaintiff Keith Denzell Simpson has not objected to the Report and Recommendation and the time for doing so has long passed.

After due consideration of the Report and Recommendation [26], the record in this case, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [26] should be adopted as the finding of this Court and that Plaintiff Keith Denzell Simpson's Complaint [1] should be dismissed without prejudice.

I.  BACKGROUND

Pro se Plaintiff Keith Denzell Simpson ("Plaintiff") filed this cause of action against Defendants Polt William, Wormeley Charles, C.O. # 130, C.O. # 312, and C.O. # 215 (collectively "Defendants") on October 7, 2020, while he was incarcerated at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. Compl. [1] at 1-3. The Complaint [1] advances excessive force claims against Defendants under 42 U.S.C. § 1983, arising out of an incident that allegedly occurred on September 15, 2020, at the HCADC. *Id.* at 3-4.

On October 18, 2021, the Magistrate Judge entered an Order [23] setting an omnibus hearing for November 9, 2021, which was to serve "as a *Spears* hearing and case management hearing." Order [23] at 1-2 (citing *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)). All parties were ordered to attend and Plaintiff was reminded that "[a] failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal of this lawsuit." *Id.* at 3. On October 18, 2021, a Writ of Habeas Corpus and Testificandum [24] was issued to the Warden of HCADC for Plaintiff to appear at the hearing. Writ of Habeas Corpus and Testificandum [24] at 1.

The Order [23] setting the hearing and a notice of hearing were mailed to Plaintiff that same day at his address of record via United States mail but were returned as undeliverable. *See* Mail Returned as Undeliverable [25]. Plaintiff failed to appear at the omnibus hearing, *see* Min. Entry Nov. 9, 2021, and on November 10, 2021, the Magistrate Judge entered a Report and Recommendation [26],

recommending that the case be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with Orders of the Court, R & R [26] at 1.

The Report and Recommendation was mailed to Plaintiff on November 10, 2021, at his address of record. Any objection to the Report and Recommendation [26] was due within fourteen (14) days of service, or no later than November 29, 2021. *See* L.U. Civ. R. 72(a)(3); Fed. R. Civ. P. 6(a), (d). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [26].

## II. DISCUSSION

Where no party objects to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Instead, the Court need only review the report and recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court finds that the Report and Recommendation [26] is neither clearly erroneous nor contrary to law, and that it should be adopted as the finding of the Court. This civil action will be dismissed without prejudice for Plaintiff's failure to prosecute and to obey Orders of the Court.

Under Rule 41(b), generally, dismissals are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent

prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Plaintiff was given adequate notice of the omnibus hearing before the Magistrate Judge but failed to appear at the hearing or otherwise communicate with the Court regarding this matter. Indeed, Plaintiff has taken no action at all in this case, or otherwise communicated with the Court, since February 25, 2021.

In addition, Plaintiff has failed to keep the Court apprised of his current address, despite being warned on multiple occasions that a failure to do so could result in his case being dismissed. *See* Order [3] at 2; Order [8] at 2; Order [9] at 2; Order [11] at 3; Order [13] at 2; Order [23] at 3. Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Plaintiff no longer wishes to pursue this lawsuit. The Court finds that a lesser sanction would not prompt diligent prosecution and thus dismissal without prejudice is warranted.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [26] of United States Magistrate Judge Robert H. Walker, entered on November 10, 2021, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to comply with Court Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of March, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE